J-S09040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ALBERT IRBY, | |
| Appellant | No. 1558 WDA 2014 |

Appeal from the PCRA Order entered September 19, 2014,
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0000013-1969

BEFORE:  FORD ELLIOTT, P.J.E., BOWES, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:                **FILED FEBRUARY 18, 2015**

Albert Irby ("Appellant") appeals from the order denying as untimely his first petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The Honorable Beth A. Lazzara, sitting as the PCRA court, summarized the pertinent facts and procedural history as follows:

> [Appellant], who was a seventeen (17) year-old juvenile at the time of his offense, was convicted by a jury of first-degree murder, and was sentenced to the then-mandatory sentence of life without parole on May 6, 1971.  The . . . Pennsylvania Supreme Court subsequently affirmed the Judgment of Sentence in 1971.
>
> On August 6, 2012, Appellant filed a [*pro se*] PCRA petition, seeking to challenge the legality of his sentence based on the United States Supreme Court's decision in ***Miller v. Alabama***, ___ U.S. ___, 132 S.Ct 2455 (2012), which held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders."  ***Id.*** at 2469.

This court appointed counsel to represent [Appellant], and, on January 8, 2013, an Amended PCRA petition was filed. On January 11, 2013, and October 31, 2013, the Commonwealth filed its answers to the amended petition.

On November 15, 2013, this court filed its Notice of Intent to Dismiss the PCRA Petition based on the Pennsylvania Supreme Court's decision in **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013), which held that the ruling in **Miller** did not apply retroactively to cases on collateral review. On November 26, 2013, [Appellant] filed a Response to the Notice of Intention to Dismiss PCRA Petition, Petition to Stay Dismissal of Amended PCRA Petition, and Request to Amend PCRA Petition," requesting that the court stay its dismissal of his petition "pending the outcome of finalization (i.e., a ruling by the United States Supreme Court) of **Commonwealth v. Cunningham** . . . . since a Petition for Reconsideration in the PA Supreme Court or a Petition for Writ of Certiorari in the United States Supreme Court will be filed in that case." [Appellant's] Response to Notice of Intention to Dismiss PCRA Petition, p.2. Alternatively, [Appellant] sought leave to file a second amended petition so that he could raise state habeas corpus claims pursuant to Article 1, Section 14 of the Pennsylvania Constitution and claim that his mandatory sentence of life without parole "violates the ban on cruel punishments pursuant to Art. 1, Section 13 of the Pennsylvania Constitution." **Id.** at 3. On September 19, 2014, this court dismissed the petition[.]

PCRA Court Opinion, 11/13/14, at 1-3 (footnotes omitted). This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant phrases his claims on appeal as follows:

1. DID THE [PCRA] COURT ERR IN DENYING APPELLANT'S PCRA PETITION SINCE PURSUANT TO THE 6/25/12 UNITED STATES SUPREME COURT DECISION IN **MILLER V. ALABAMA**, SINCE [sic] APPELLANT, WHO WAS A JUVENILE AT THE TIME OF THE COMMISSION OF THE

INSTANT CRIME, RECEIVED AN UNCONSTITUTIONAL MANDATORY SENTENCE OF LIFE WITHOUT THE POSSIBILITY OF PAROLE FOR SECOND [sic] DEGREE MURDER AND THEREFORE HIS SENTENCE MUST BE VACATED AND HE BE RE-SENTENCED? MOREOVER, REGAR[D]LESS OF THE PA SUPREME COURT'S HOLDING IN *COMMONWEALTH V. CUNNINGHAM*, 2013 PA LEXIS 2546 (PA 2013; 10/30/13), THAT *MILLER V. ALABAMA* IS NOT RETROACTIVE TO DEFENDANTS IN APPELLANT'S PROCEDUREAL [sic] POSTURE WHO WERE NOT ON DIRECT APPEAL WHEN *MILLER V. ALABAMA* WAS DECIDED, THIS HONORABLE COURT CAN STILL DECIDE, ON OTHER GROUNDS, THAT *MILLER V. ALABAMA* IS APPLICABLE AND SHOULD BE RETROACTIVELY APPLIED TO APPELLANT'S CASE. ADDITIONALLY, THE [PCRA] COURT ERRED IN DENYING APPELLANT'S PETITION TO STAY DISMISSAL OF THE PCRA PETITION AND APPELLANT'S REQUEST TO AMEND THE PCRA PETITION.

Appellant's Brief at 3.[1]

Our standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is

---

[1] We remind PCRA counsel that the "statement of questions involved must state concisely the issues to be resolved[.]" Pa.R.A.P. 2116(a). Appellant's one issue actually encompasses four distinct claims.

without a trace of support in either the record or from other evidence. *Commonwealth v. Jordan*, 772 A.2d 1011 (Pa. Super. 2001).

Upon careful review, we conclude that Judge Lazzara's November 13, 2014 opinion correctly determines that Appellant's PCRA petition is untimely, and that Appellant has failed to prove any exception to the PCRA's time bar. Further, we discern no abuse of discretion in Judge Lazzara's decision to deny Appellant's requests to stay his petition and/or permit him to amend it to include a claim for *habeas corpus* relief that is beyond the remedies afforded by the PCRA. *See generally*, *Commonwealth v. Seskey*, 86 A.2d 237 (Pa. Super. 2014). We therefore adopt the opinion of the trial court in affirming the dismissal of Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2015

IN THE COURT OF COMMON PLEAS FIFTH JUDICIAL DISTRICT
ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,    CRIMINAL DIVISION

vs.                  CC No.: 13-1969

ALBERT IRBY,

    Defendant.

FILED

## OPINION

The Petitioner appeals from this court's September 19, 2014 Order, dismissing

his petition under the Post Conviction Relief Act ("PCRA").[1]  *See* 42 Pa.C.S. §§9541-

9546. The Petitioner, who was a seventeen (17) year-old juvenile[2] at the time of his

offense, was convicted by a jury of first-degree murder, and was sentenced to the then-

mandatory sentence of life without parole on May 6, 1971.[3] The Superior Court of

Pennsylvania and the Pennsylvania Supreme Court subsequently affirmed the

Judgment of Sentence in 1971.[4]

---

[1] The Petitioner's case was transferred to this court following the passing of the Honorable Samuel Strauss.

[2] Petitioner was born on March 17, 1952, and the offense occurred on September 22, 1969.  *See* Amended PCRA Petition filed on January 8, 2013, and Commonwealth's Answer to Amended PCRA Petition filed on January 11, 2013.

[3] According to the Warrant of Arrest dated September 23, 1969, Petitioner was also was charged with Armed Robbery, Assault and Batter with Intent to Kill, "VUFA, and PFA." *See* Petitioner's Concise Statement of Errors Complained of on Appeal (page 3). The records are unclear, but they also seem to suggest that Petitioner was convicted of second-degree murder as well.

[4] As noted by both Counsel and the Commonwealth, it is difficult to ascertain the procedural history in this case because the Allegheny County Department of Court



On August 6, 2012, Petitioner filed a PCRA petition, seeking to challenge the legality of his sentence based on the United States Supreme Court's decision in Miller v. Alabama, —— U.S. ——, 132 S.Ct. 2455 (2012), which held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." Id. at 2469. This court appointed counsel to represent Petitioner on appeal, and, on January 8, 2013, an Amended PCRA petition was filed. On January 11, 2013, and October 31, 2013, the Commonwealth filed its answers[5] to the amended petition.

On November 15, 2013, this court filed its Notice of Intent to Dismiss the PCRA Petition based on the Pennsylvania Supreme Court's decision in Commonwealth v. Cunningham, 81 A.3d 1 (Pa. 2013), which held that the ruling in Miller did not apply retroactively to cases on collateral review. On November 26, 2013, the Petitioner filed a "Response to the Notice of Intention to Dismiss PCRA Petition, Petition to Stay Dismissal of Amended PCRA Petition, and Request to Amend PCRA Petition," requesting that the court stay its dismissal of his petition "pending the outcome of finalization (i.e., a ruling by the United States Supreme Court) of Commonwealth v. Cunningham . . . . since a Petition for Reconsideration in the PA Supreme Court or a Petition for Writ of Certiorari in the United States Supreme Court will be filed in that

---

Records file hardly contains any information, and the docket is incomplete. See Amended Petition, (p. 4). Petitioner's pro se "Motion for Post Conviction Collateral Relief" states that the judgment of sentence was affirmed by both appellate courts in 1971.

[5] On January 11, 2013, Leanne Shiley, Esquire filed the Commonwealth's initial Answer. An Amended Answer was filed by Ronald M. Wabby, Jr., Esquire on October 31, 2013.

case." Petitioner's Response to Notice of Intention to Dismiss PCRA Petition, p. 2.

Alternatively, Petitioner sought leave to file a second amended petition so that he could raise state habeas corpus claims pursuant to Article 1, Section 14 of the Pennsylvania Constitution and claim that his mandatory sentence of life without parole "violates the ban on cruel punishments pursuant to Art. 1, Section 13 of the Pennsylvania Constitution." Id. at 3.[6] On September 19, 2014, this court dismissed the petition, and this timely appeal followed.[7]

In his Concise Statement of Errors Complained of on Appeal ("Concise Statement"), Petitioner raises the following arguments:

THE TRIAL COURT ERRED IN DENYING APPELLANT'S PCRA PETITION PURSUANT TO THE 6/25/12 UNITED STATES SUPREME COURT DECISION IN MILLER V. ALABAMA, SINCE APPELLANT, WHO WAS A JUVENILE AT THE TIME OF THE COMMISSION OF THE INSTANT CRIME, RECEIVED AN UNCONSTITUTIONAL MANDATORY SENTENCE OF LIFE WITHOUT THE POSSIBILITY FOR PAROLE FOR SECOND DEGREE MURDER AND THEREFORE HIS SENTENCE MUST BE VACATED AND HE BE RE-SENTENCED. MOREOVER, REGARDLESS OF THE PA SUPREME COURT'S HOLDING IN COMMONWEALTH V. CUNNINGHAM, 2013 PA LEXIS 2546(PA 2013; 10/30/13), THAT MILLER V. ALABAMA IS NOT RETROACTIVE TO DEFENDANT'S IN APPELLANT'S PROCEDURUREAL [SIC] POSTURE, WHO WERE NOT ON DIRECT APPEAL WHEN MILLER V. ALABAMA WAS DECIDED, AND REGARDLESS OF THE UNITED STATES SUPREME COURT'S DECISION TO DECLINE A GRANT OF CERTIORARI REGARDING CUNNINGHAM IN 2014, THIS HONORABLE COURT CAN STILL DECIDE, ON OTHER GROUNDS, THAT MILLER V. ALABAMA IS APPLICABLE AND SHOULD BE RETROACTIVELY APPLIED TO APPELLANT'S CASE. ADDITIONALLY, THE TRIAL COURT ERRED IN DENYING APPELLANT'S PETITION TO STAY DISMISSAL OF THE PCRA PETITION AND APPELLANT'S REQUEST TO AMEND THE PCRA PETITION.

---

[6] Specifically, Article 1, Section 13 provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted." Pa. Const. Art. 1, Section 13.

[7] Petitioner filed his Notice of Appeal, as well as his Concise Statement of Errors Complained of on Appeal, on September 24, 2014.

3    23

Petitioner's Concise Statement of Errors Complained of on Appeal, p. 4.

For the reasons that follow, the Petitioner's contentions are without merit, and this court's decision to dismiss the amended PCRA petition should be upheld.

## I. THE PETITIONER'S PCRA PETITION WAS UNTIMELY FILED.

Under 42 Pa.C.S. §9545(b)(1), a PCRA petition must be filed within one (1) year of the date that the judgment becomes final.[8] A petition filed outside of this one-year window is considered untimely, unless it can be shown that one of the three narrow statutory exceptions to the general timeliness requirements applies. *See* 42 Pa.C.S. §9545(b)(1)(i)-(iii). The PCRA statute provides as follows:

> (b) Time for filing petition--
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within *one year* of the date the judgment becomes final, *unless the petition alleges and the petitioner proves that:*
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

[8] As explained by the Court in Commonwealth v. Lawson, 90 A.3d 1, 4-5 (Pa. Super. 2014):

> Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Where a petitioner's judgment of sentence became final on or before the effective date of the amendment, a special grace proviso allowed first PCRA petitions to be filed by January 16, 1997. *See* Commonwealth v. Alcorn, 703 A.2d 1054, 1056–1057 (Pa.Super.1997) (explaining application of PCRA timeliness proviso)."

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and *has been held by that court to apply retroactively.*

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, *a judgment becomes final at the conclusion of direct review,* including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.§9545(b)(1)-(3) (emphasis added).

The timeliness requirement under 42 Pa.C.S. §9545(b)(1) is jurisdictional in nature, and, if the petition is facially untimely, the court lacks jurisdiction over the petition unless the petitioner is able to plead and prove that his claims fall under one of the three exceptions set forth above. *See* Commonwealth v. Taylor, 933 A.2d 1035,1038 (Pa. Super. 2007) ("Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition."). "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." Commonwealth v. Perrin, 947 A.2d 1284, 1285 (Pa. Super. 2008).

Petitioner was sentenced in 1971, and his petition was filed on August 6, 2012. Although the record is unclear as to the exact date that his conviction became final after direct review, Petitioner claims that his judgment was affirmed in 1971, and it is reasonable to conclude that direct review would have concluded long before August 6,

5

2011.[9] Thus, the Petitioner could not prove that his petition was filed within one (1) year of the date that his judgment became final, thereby making his petition facially untimely under 42 Pa.C.S. §9545(b)(1).

Notwithstanding the facially untimely nature of the petition, the Petitioner seeks to argue that his claim under Miller v. Alabama, *supra*, is cognizable under the third exception to the timeliness requirement, which permits an individual seeking relief pursuant to a new, and retroactive, constitutional rule of law, to file a petition within 60 days of the date that the claim could have first been presented. *See* 42 Pa.C.S. §§9545(b)(1)(iii) and (b)(2). Petitioner asserts that his petition was timely in this regard, as Miller was decided on June 25, 2012, and his petition was filed on August 6, 2012. However, Petitioner's ability to meet the 60-day filing deadline under 42 Pa.C.S.§9545(b)(2) is irrelevant, because, even if Miller announced a new constitutional rule of law, Petitioner has failed to prove that it applies retroactively to his case.

In Cunningham, *supra*, the Pennsylvania Supreme Court expressly held that the ruling in Miller did not apply retroactively to cases on collateral review. Cases following Cunningham have reaffirmed its ruling. For example, the Pennsylvania Superior Court in Commonwealth v. Lawson, 90 A.3d 1, 6 (Pa. Super. 2014) and Commonwealth v. Seskey, 86 A.3d 237, 242-43 (Pa. Super. 2014) found that Cunningham directly foreclosed any argument that a Miller claim was cognizable under 42 Pa.C.S.§9545(b)(1)(iii). In so holding, the Court offered the following analysis of the statute:

---

[9] It is unlikely that it would take over forty (40) years to resolve his direct appeal.

6

26

Subsection (iii) of Section 9545[(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, *it provides that the right 'has been held' by 'that court' to apply retroactively.* Thus, a petitioner must prove that there is a 'new' constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e., "that court" has already held the new constitutional right to be retroactive to cases on collateral review.* By employing the past tense in writing this provision, the legislature clearly intended that the *right was already recognized at the time the petition was filed.*

Seskey, *supra,* at 242-243 (emphasis added). With respect to the meaning of the

phrase "held by that court":

[O]ur Supreme Court explained that, for purposes of subsection (iii), the language "has been held by that court to apply retroactively" *means the court announcing the rule must have also ruled on the retroactivity of the new constitutional right, before the petitioner can assert retroactive application of the right in a PCRA petition.*

Taylor, *supra,* at 1042 (citing Commonwealth v. Abdul–Salaam, 812 A.2d 497, 501 (Pa.

2002)).

Not only did the United States Supreme Court stay silent as to the issue of

retroactivity in Miller, it declined to review the issue on June 9, 2014, after being

presented with the opportunity to revisit the matter, reverse the holding in Cunningham,

and declare Miller retroactive. *See* Cunningham v. Pennsylvania, 134 S.Ct. 2724 (June

9, 2014) (denying petition for writ of *certiorari*).[10] The Court's silence as to the matter

prevents Petitioner from relying on 42 Pa.C.S.§9545(b)(1)(iii) as a vehicle to challenge

the legality of his sentence. Accordingly, because the Petitioner cannot show that his

petition was filed within one (1) year of the date that his conviction became final, and

---

[10] See *also* http://www.supremecourt.gov/orders/courtorders/060914zor_pqm1.pdf (last visited on November 7, 2014).

7

because he is unable to invoke any of the exceptions under 42 Pa.C.S.§9545(b)(1)(i)-(iii), his petition is untimely, and this court lacks jurisdiction to entertain the arguments raised therein. Given that the court was bound by Cunningham and 42 Pa.C.S.§9545(b)(1)(iii), its decision to dismiss the petition should be upheld.

## II. THE COURT DID NOT ERR BY DENYING PETITIONER'S REQUEST TO STAY DISMISSAL

In his Concise Statement, Petitioner argues that the court erred by denying his request to stay its dismissal of the proceedings and contends that the court should have halted the proceedings until "the Pennsylvania Supreme Court (through a successful motion for reconsideration of [Cunningham]) or United States Supreme Court makes a final decision regarding the issue of retroactivity of Miller to Defendant and similarly situated defendants." Concise Statement, p. 11.

As an initial matter, the court notes that, in his response to the court's dismissal notice, Petitioner requested that the case be stayed pending a decision from the United States Supreme Court on whether it would grant certiorari in Cunningham. While the court may not have formally stayed the proceedings, it did, for all practical purposes, ultimately honor Petitioner's request. Indeed, Petitioner filed his response to this court's Notice of Intent to dismiss on November 26, 2013; the United States Supreme Court denied certiorari on June 9, 2014; and this court did not dismiss the petition until September 19, 2014. Accordingly, the court afforded Petitioner with precisely what he requested, which was a stay "pending the outcome of finalization (i.e., a ruling by the

8

28

United States Supreme Court) of <u>Commonwealth v. Cunningham</u>." Petitioner's Response to Dismissal Notice, p. 2.

Furthermore, even if Petitioner had requested a stay pending a general ruling from the United States Supreme Court on whether <u>Miller</u> applied retroactively, it would not have been unreasonable for the court to deny such a request given the time that it could take for such a ruling to ever be rendered. Indeed, if the law requires that the declaration of retroactivity come from the court that announced the new constitutional rule of law, then the chance of <u>Miller</u> being declared retroactive by the Pennsylvania Supreme Court is highly unlikely. Moreover, given the fact that the United States Supreme Court has stayed silent as to the issue, despite being presented with the opportunity to make such a declaration in both <u>Miller</u> and <u>Cunningham</u>, it could be years before it revisited the issue, if it ever did at all.

Thus, given: (i) the uncertainty regarding when, if ever, such a ruling would ever be rendered, (ii) the unlikelihood that such a ruling would be favorable to the Petitioner given the Court's silence as to the issue, and (iii) this court's need to manage its docket and ensure an efficient resolution to the matters pending before it, it was well within this court's discretion to deny the request to stay the proceedings pending a general ruling from the United States Supreme Court on the retroactivity issue. *See* <u>Commonwealth v. Renchenski</u>, 52 A.3d 251, 260 (Pa. 2012) (noting that "the PCRA court does have the ability and responsibility to manage its docket and caseload and thus has an essential role in ensuring the timely resolution of PCRA matters.") (citing <u>Commonwealth v. Porter</u>, 35 A.3d 4, 24–25 (Pa. 2012) ("[T]he court, not counsel, controls the scope, timing and pace of the proceedings below."); *See also* <u>Commonwealth v. Coward</u>, 335,

9

29

Circulated 01/23/2015 01:04 PM

414 A.2d 91, 95 (Pa. 1980) ("A court's discretion in handling its own docket has long been recognized.").

In any event, the court notes that, if the United States Supreme Court ever declares that Miller is retroactive to cases on collateral review, then the Petitioner presumably would be able to file a successive petition under 42 Pa.C.S.§9545(b) relying on such a case, assuming he did so within the 60-day filing deadline.

## III. THE COURT'S LACK OF JURISDICTION OVER THE PETITION FORECLOSED ITS ABILITY TO CONSIDER CLAIMS UNDER ARTICLE I, SECTIONS 13 AND 14 OF THE PENNSYLVANIA CONSTITUTION

In his Concise Statement, Petitioner contends that he should have been given leave to file a second amended PCRA petition in order to raise state habeas corpus claims pursuant to Article 1, Section 14, in order to argue that his sentence violated the ban on cruel punishment set forth in Article 1, Section 13 of the Pennsylvania Constitution. Contrary to Petitioner's claims, the court did not err in denying his request to file a second amended PCRA petition to raise such claims.

In Seskey, supra, the Petitioner, who was a juvenile at the time of his offense, filed a PCRA petition, arguing, among other things: (1) that his mandatory sentence of life without parole violated Article 1, Section 13 of the Pennsylvania Constitution; (2) that Miller should be applied retroactively pursuant to Article 1 Section 13 of the Constitution, notwithstanding the Court's ruling in Cunningham; and (3) that his claims should be reviewed under "Pennsylvania's constitutional guarantee of Habeas Corpus." Id. at 241. The court found that it lacked jurisdiction over the petition because the petition was untimely and that the petition did not meet any of the three exceptions set forth in 42 Pa.C.S.§9545(b)(1)(iii).

10

30

In making that finding, the court in <u>Seskey</u> noted the following:

> Throughout his brief, *Appellant attempts to circumvent the effect that Cunningham has upon our jurisdiction by arguing, inter alia: that he is entitled to relief under Article 1, § 13 of the Pennsylvania Constitution* ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted."), independently of the Eighth Amendment, Brief for Appellant 10–13; *that Miller should be applied retroactively based upon Pennsylvania's broader retroactivity principles,* Brief for Appellant at 19–26; *and that the inequitable result that Miller created violates Pennsylvania's due process and equal protection principles.* Brief for Appellant at 27–30. While these arguments someday may require consideration by our courts, today cannot be that day. Before a court may address Appellant's arguments, or similar contentions, that court must have jurisdiction. *We cannot manufacture jurisdiction based upon the substantive claims raised by the parties.* Presently, *we are confined by the express terms of subsection 9545(b)(1)(iii) and our Supreme Court's decision in <u>Cunningham</u>.* Combined, those two elements require us to conclude that we lack jurisdiction. *No substantive claim can overcome this conclusion.*

<u>Seskey</u>, *supra*, at 243. Accordingly, because this court lacked jurisdiction over the untimely petition, it was unable to consider any of the substantive claims presented therein. Given that the court would have been unable to entertain any of the arguments that Petitioner sought to raise in a second amended petition, the court did not err in denying his request for leave to file such a petition.

Furthermore, although Petitioner requested that the court re-characterize his petition as a state habeas corpus petition, "[i]t is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief" and "a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of habeas corpus." <u>Commonwealth v. Taylor</u>, 65 A.3d 462, 465-66 (Pa. Super. 2013). Petitioner clearly seeks to challenge the legality of his sentence, and claims "that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a habeas

corpus petition." Id. Accordingly, because Petitioner's claims were cognizable under the PCRA, this court did not err in denying his request to amend the PCRA petition so that Petitioner could re-characterize his petition as a habeas corpus petition. *See* Taylor, *supra*, at 466 ("Because Appellant's claims may be addressed under the PCRA *see* 42 Pa.C.S. § 9543(a)(2)(i) (providing that PCRA relief is available for convictions resulting from constitutional violations), the PCRA court properly dismissed Appellant's habeas corpus petition as an untimely PCRA petition.").

## IV. CONCLUSION

This court did not err in dismissing the PCRA petition because the petition was facially untimely, and it failed to raise a claim that fell under any of the exceptions to the statutory time-bar. The court did not err in denying Petitioner's request to file a second amended PCRA petition because the court lacked jurisdiction to consider any substantive arguments in the petition. Moreover, the PCRA petition could not be re-characterized as a habeas corpus petition since Petitioner's claims were cognizable under the PCRA statute. Accordingly, the court's decision to dismiss the amended PCRA petition as untimely should be upheld.

BY THE COURT:

_____, J.
Beth A. Lazzara, Judge

_____11/13/14_____
Date

12      32